UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN SABO,

          Plaintiff,

v.                                Case No. 20-CV-718

SHERI HICKS, et al.,

          Defendants.

## DECISION AND ORDER

Before the court is defendants Megan Erickson and Barb Hanson's motion for judgment on the pleadings. (ECF No. 30.) As recounted in the court's prior decisions, *Sabo v. Erickson*, No. 20-CV-718, 2021 U.S. Dist. LEXIS 86540 (E.D. Wis. May 6, 2021); *Sabo v. Hicks*, No. 20-CV-718, 2020 U.S. Dist. LEXIS 211258 (E.D. Wis. Nov. 12, 2020), John Sabo alleges he was sentenced to an unlawfully long term of probation. After his probation term should have expired, he was arrested and his supervising probation agent placed a probation hold, causing him to remain in custody. He alleges that his probation officer, Erickson, and her supervisor, Hanson, violated the Fourth and Eighth Amendments by not releasing him once they learned his sentence was unlawfully long.

The defendants argue that they are entitled to judgment on the pleadings because, as a matter of law, neither Erickson nor Hanson could have released Sabo once they were made aware that his sentence was unlawfully long. Rather, they argue, they were required to wait for the court to amend the judgment. In their view, permitting a probation officer the power to essentially amend a judgment "would be a fantastic grant of essentially appellate judicial power to a layperson …." (ECF No. 30 at 4.) They argue, at a minimum, they are entitled to qualified immunity on these claims. (ECF No. 30 at 5.)

The court largely addressed these issues in its decision on the defendants' motion to dismiss. *Sabo v. Hicks*, No. 20-CV-718, 2020 U.S. Dist. LEXIS 211258, at *26-29 (E.D. Wis. Nov. 12, 2020). As the court noted, although not clearly required under Wis. Stat. § 973.09(2m), Wisconsin court have generally ordered an amended judgment in cases where a probation sentence was found to be unlawfully long. *Sabo v. Hicks*, No. 20-CV-718, 2020 U.S. Dist. LEXIS 211258, at *27 (E.D. Wis. Nov. 12, 2020) (quoting *State v. Oglesby*, 2006 WI App 95, ¶16 n.5, 292 Wis. 2d 716, 724, 715 N.W.2d 727, 731; citing *State v. Stewart*, 2006 WI App 67, ¶¶ 9, 22, 291 Wis. 2d 480, 487, 713 N.W.2d 165, 169; *State v. Spaeth*, 206 Wis. 2d 135, 156, 556 N.W.2d 728, 737 (1996); *State v. Lynch*, 2015 WI App 37, ¶¶ 12-13, 363 Wis. 2d 654, 862 N.W.2d 902, 2015 Wisc. App. LEXIS 170).

But the court noted that Sabo alleges that the Wisconsin Department of Corrections actually did what the defendants characterize as "a fantastic grant of essentially appellate judicial power to a layperson …." Sabo alleges that other low-level clerical employees

routinely amended judgments pursuant to Wis. Stat. § 973.09(2m) to correct excessively long sentences. Given this grant of authority to clerical staff, as the court previously stated, "a plausible inference is that probation officers such as Erickson or Hanson could do so as well. Sabo argues as much, albeit without any citation to authority. (ECF No. 12 at 12 ('Hanson had the same power as did Hicks and Haley to declare the excess of Sabo's probation term void.').)" *Sabo v. Hicks*, No. 20-CV-718, 2020 U.S. Dist. LEXIS 211258, at *28 (E.D. Wis. Nov. 12, 2020).

> As the court previously stated,
>
> At the motion to dismiss stage these allegations are sufficient to state a claim. Whether probation officers possessed such authority, under both law and Department policy, are matters the court cannot resolve on a motion to dismiss. Sabo has adequately alleged that a reasonable person in Hanson's or Erickson's position would have known not only that detaining a person beyond the expiration of his sentence violated the Eighth Amendment but that the unlawful portion of his sentence was automatically commuted. Therefore, the probationer could be released from custody without waiting for an amended judgment of conviction. Neither Hanson nor Erickson are entitled to qualified immunity at this stage with respect to Sabo's claims that they violated the Eighth Amendment by continuing to hold him in custody after they learned that his probation sentence was unlawfully long and had expired. (ECF No. 10, ¶ 506.) For the same reason, the parallel claim under the Fourth Amendment (ECF No. 10, ¶ 507) is not subject to dismissal on this basis.

*Sabo v. Hicks*, No. 20-CV-718, 2020 U.S. Dist. LEXIS 211258, at *28-29 (E.D. Wis. Nov. 12, 2020).

Because a motion for judgment on the pleadings applies the same standard as motion to dismiss under Rule 12(b)(6), *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir.

2016), Erickson and Hanson's motion to dismiss fails for the same reasons its motion to dismiss failed.

**IT IS THEREFORE ORDERED** that the defendants' motion for judgment on the pleadings (ECF No. 30) is **denied**.

Dated at Milwaukee, Wisconsin this 9th day of June, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge