UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN SABO,

          Plaintiff,

v.                                         Case No. 20-CV-718

MEGAN ERICKSON, et al.,

          Defendants.

DECISION AND ORDER

1. **Background**

A Wisconsin Circuit Court judge sentenced John Sabo to an unlawfully long term of probation. *Sabo v. Hicks*, No. 20-CV-718, 2020 U.S. Dist. LEXIS 211258 (E.D. Wis. Nov. 12, 2020). Neither Sabo's attorney nor the prosecutor alerted the judge of his error. It was not until Sabo was incarcerated for allegedly violating his probation by committing a new offense that he recognized that his probation should have already ended. Sabo's attorney alerted his probation officer, Megan Erickson, of the error on April 13, 2018. *Id.* at *3; (ECF No. 45, ¶¶ 1, 5).

Upon learning of the error, Erickson emailed the Department of Corrections' (DOC) Central Records Office and asked personnel there to review Sabo's judgment of conviction. (ECF No. 45, ¶ 6.) An employee of the Central Records Office responded:

> The defense attorney appears to be correct on this one. Attorney Todd Allen from the Office of Legal Counsel has changed out [sic] procedure, [sic] We are no longer commuting terms of probation per statute 973.09(2m), and we are no longer asking for an amendment. I can send a letter to the court advising them of the excessive term of probation, but if the court disregards the letter or takes no action we have to leave it at 5 years. I would advise his attorney to take the appropriate action to get this resolved. He/ She is welcome to call me and I would be happy to explain the changes.

(ECF No. 35-1 at 1.) Erickson forwarded that email to Sabo's attorney. (ECF No. 45, ¶ 9.) When the Central Records Office employee and Sabo's attorney notified the court of the error, the court amended the judgment of conviction, and Sabo was released from custody the same day, May 3, 2018. (ECF Nos. 43-2 at 9; 45, ¶ 11.)

Barb Hanson was the Assistant Regional Supervisor over Erickson, although not her direct supervisor. (ECF Nos. 45, ¶ 12; 48, ¶ 1.) The parties dispute the nature and extent of Hanson's involvement in matters relating to Sabo. (ECF No. 48, ¶¶ 1-3.) But construing the facts in the light most favorable to Sabo, the court accepts for purposes of summary judgment that Hanson decided that the DOC would proceed to seek revocation of Sabo's probation (ECF No. 48, ¶ 2) and that Sabo would remain in custody pending revocation (ECF No. 48, ¶ 3).

Sabo alleges that Erickson and Hanson violated the Fourth, Eighth, and Fourteenth Amendments by keeping him in custody after they recognized that his probation term

was longer than that permitted by law. The court previously granted in part a motion to dismiss, *Sabo*, 2020 U.S. Dist. LEXIS 211258), and denied motions for reconsideration, *Sabo v. Erickson*, No. 20-CV-718, 2021 U.S. Dist. LEXIS 86540 (E.D. Wis. May 6, 2021), and for judgment on the pleadings (ECF No. 31). In those decisions the court explained that it could not resolve Sabo's claims against Erickson and Hanson because it was plausible that, with discovery, Sabo would be able to adduce evidence that could lead a reasonable finder of fact to conclude that Erickson and Hanson violated Sabo's constitutional rights.

All parties have consented to the full jurisdiction of this court pursuant to 28 U.S.C. § 636(c). The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The defendants' motion for summary judgment (ECF No. 32) is fully briefed and ready for resolution.

## 2. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from the evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del*

*Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and [in] opposition to the motion for summary judgment." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016).

## 3. Analysis

Sabo contends that, once Erickson and Hanson recognized that his sentence was unlawfully long, they were obligated to release him from custody and not wait for the court to amend the judgment. In support, Sabo points to *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985) (en banc), and *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989).

In *Haygood*, 769 F.2d 1350, prison officials used an incorrect method to calculate the plaintiff's release date, resulting in the plaintiff spending five extra years in prison (nearly two of which were after he had raised the alleged error with prison officials). *Id.* at 1356. A jury found in favor of the plaintiff on his claims against two records officials who miscalculated his sentence. The court of appeals stated, "Detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest[;] otherwise, such detention can be held to be unconstitutional only if it violates due process." *Id.* at 1354 (citations omitted). It agreed with the district court that there was evidence to support the jury's verdict because "[t]he plaintiff presented credible evidence that the defendants, after

being put on notice, simply refused to investigate a computational error." *Id.* at 1355 (citing *Haygood v. Younger*, 527 F. Supp. 808, 823 (E.D. Cal. 1981)).

In *Sample*, 885 F.2d 1099, the plaintiff was kept in custody for nine months because of a prison records official's incorrect conclusion that the plaintiff still had time to serve. *Id.* at 1102. The court explained:

> To establish § 1983 liability in this context, a plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Id.* at 1110. The court concluded that the record supported a finding that the records official was deliberately indifferent because, although recognizing the potential merit to the plaintiff's inquiry, he did not take remedial action and instead ignored and violated regulations. *Id.* at 1111.

"Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference." *Figgs v. Dawson*, 829 F.3d 895, 902-03 (7th Cir. 2016) (citing *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001)). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the

defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs*, 829 F.3d at 903.

In *Haygood* and *Sample* (as well as *Campbell*, 256 F.3d 695, *Figgs*, 829 F.3d 895, and *Burke*, 452 F.3d 665, which address similar claims), the errors that prolonged the plaintiffs' custody were those of corrections officials. Here, the error was that of the sentencing judge. In this regard, only *Williams v. Litscher*, No. 18-C-0583, 2020 U.S. Dist. LEXIS 5085 (E.D. Wis. Jan. 13, 2020), is analogous. Sabo attempts to diminish *Williams*, in part, by incorrectly referring to it as "a *pro se* case." (ECF No. 46 at 8 (italics in original).) The court previously corrected Sabo on this point, noting that Williams was represented by counsel throughout that action. *Sabo*, 2020 U.S. Dist. LEXIS 211258, at *37 n. 1.

In *Williams*, when the plaintiff was arrested and a supervision hold put in place, DOC officials discovered that the court had imposed an unlawfully long term of extended supervision. Williams spent 36 days in jail before the error was corrected and he was released. *Williams*, 2020 U.S. Dist. LEXIS 5085, at *1. Although the court granted summary judgment to all of the defendants, that action is distinguishable from Sabo's claim in significant respects. For example, the plaintiff's supervising agent was unaware until the day of Williams's release that his term of supervision was unlawfully long. *Id.* at *11. The other defendants—DOC administrative employees who recognized the error and processed the corrected judgment—were not liable because they proceeded diligently and in accordance with DOC policies. *Id.* at *12-14.

As this court noted when it denied the defendants' motion to dismiss, it was plausible that Sabo would be able to present evidence that Erickson and Hanson had the authority to unilaterally correct what they regarded as a sentence in excess of the maximum allowed by law. *Sabo*, 2020 U.S. Dist. LEXIS 211258, at *28. After all, Wis. Stat. § 973.09(2m) states, "If a court imposes a term of probation in excess of the maximum authorized by statute, the excess is void and the term of probation is valid only to the extent of the maximum term authorized by statute. The term is commuted without further proceedings." And Sabo alleged that the DOC had a practice of allowing at least two administrative employees to change sentences they concluded to be unlawful, without seeking approval from the sentencing judge. *See Sabo*, 2020 U.S. Dist. LEXIS 211258, at *28.

Erickson, however, states that, since becoming a probation agent in 2000, before the issue came up in this case, she had never heard of any DOC employee commuting a judgment based on a perceived legal error in it. (ECF No. 35, ¶¶ 2, 4.) And Sabo has not adduced any evidence demonstrating that Erickson or Hanson could disregard or commute an unambiguous sentence. To the contrary, when Erickson inquired as to Sabo's status, she was told that a DOC lawyer had changed the department's policy so that it is "no longer commuting terms of probation per statute 973.09(2m)" nor asking the court to amend judgments. (ECF No. 35-1 at 1.) Rather, it is the department's policy that, until the court amends the judgment of conviction, the department has to enforce the sentence

imposed by the court. (ECF No. 35-1 at 1.) This view that an amended judgment of conviction is required is supported in Wisconsin caselaw. *See Sabo*, 2020 U.S. Dist. LEXIS 211258, at *27 (quoting *State v. Oglesby*, 2006 WI App 95, ¶16 n.5, 292 Wis. 2d 716, 724, 715 N.W.2d 727, 731; citing *State v. Stewart*, 2006 WI App 67, ¶¶ 9, 22, 291 Wis. 2d 480, 487, 713 N.W.2d 165, 169; *State v. Spaeth*, 206 Wis. 2d 135, 156, 556 N.W.2d 728, 737 (1996); *State v. Lynch*, 2015 WI App 37, ¶¶ 12-13, 363 Wis. 2d 654, 862 N.W.2d 902, 2015 Wisc. App. LEXIS 170 (unpublished)).

While conceding that "[t]he decision to continue revocation proceedings seems to have been required by [the DOC attorney's] advice," Sabo nonetheless argues that Erickson and Hanson were required to release him from custody once they recognized that his probation had ended. (ECF No. 49 at 9.) He notes that the DOC is not required to hold a defendant in custody while seeking revocation. (ECF No. 46 at 9.)

But for Erickson or Hanson to have released Sabo would have required them to disregard the judgment. Before learning of the error, they had determined that detention and revocation were appropriate. And Erickson was told that, unless the judge acts to correct the sentence, the department must enforce the sentence imposed. (ECF No. 35-1 at 1.) Therefore, enforcing the sentence meant holding Sabo in custody unless and until the judge amended the sentence.

Having investigated the issue, Erickson and Hanson were not deliberately indifferent to Sabo's right to be free from cruel and unusual punishment simply because,

relying on the advice of DOC counsel, they continued to enforce an unambiguous judgment while waiting for the court to correct its error. Nor could a reasonable finder of fact conclude that it shocks the conscience, so as to violate the Fourteenth Amendment, for a probation officer to enforce a court's judgment despite the probation officer's own belief that the judgment was unlawful. And, finally, Sabo's fourth amendment claim fails because it likewise is based on the false premise that Erickson and Hanson were required to disregard the court's judgment.

Not merely permitting but requiring (at the risk of personal liability) low-level corrections officials to disregard a court's judgment of conviction when they believe the judgment is unlawful is an untenable proposition. It is easy to envision a wide variety of instances where corrections employees and courts may disagree as to the lawfulness of a sentence. It was possible that the judge that sentenced Sabo may have disagreed with the DOC and Sabo's lawyer and rejected the request to amend the judgment of conviction. Under such circumstances, Sabo's recourse would have been with the court of appeals. But the DOC would have had no choice but to enforce the judgement. Expecting that corrections officials will enforce sentences imposed by courts is not only reasonable, it is an essential component of the criminal justice system. It cannot form a basis for liability under § 1983.

4. Conclusion

Sabo undoubtedly suffered a wrong. Understandably, he seeks compensation. But Erickson and Hanson are not liable for any injuries he suffered. Accordingly,

**IT IS THEREFORE ORDERED** that Megan Erickson and Barb Hanson's motion for summary judgment (ECF No. 32) is **granted**. This action is dismissed with prejudice. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of November, 2021.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge